This is a suit between the complainant as holder of a mortgage and two of the defendants, Joseph Leschinsky and Stanislaw Karpinsky, contractors who furnished materials and performed labor for the erection of the building in question.
This action was instituted by the complainant to foreclose its mortgage covering the land and premises upon which the building was erected.
The foreclosure action proceeded to a sale of the premises, and sufficient funds have been withheld out of the proceeds to provide for the claim of the answering defendants.
These defendants interposed an answer asserting the claim now before the court, alleging that the mechanics' lien filed *Page 327 
by them takes precedence over the mortgage of the complainant to the extent of the amount of their lien.
The question presented to the court is as to the priority of the respective claims and the legality of the claim of the answering defendants.
Various grounds are alleged as to the precedence that should be given to the respective claims, but all of them are necessarily predicated upon the validity of the lien of the defendants.
In my opinion the defendants have failed in their proof to establish a valid lien. Section 16 of the Mechanics' Lien law provides that every person intending to claim a lien shall within four months after the labor is performed or the materials furnished for which such lien is claimed, file the claim. Section 18 of the Mechanics' Lien law provides that no debt shall be a lien unless a lien claim is filed within four months from the date of the last work done or material furnished.
The lien claim of the defendants was filed on the 2d day of September, 1927. To establish the validity of this claim it was necessary that the defendants show that the last item of labor or materials was performed or furnished subsequent to the 2d day of May, 1927. This in my opinion they failed to do.
The only testimony adduced by the defendant as to the time of performance of labor or furnishing materials was that of Stanislaw Karpinsky, one of the defendants. This testimony is extremely vague and unsatisfactory and not at all convincing.
There is no testimony whatever as to any specific date when the last labor was performed, but only vague general statements confused and contradictory; and the one most favorable to the defendants showed that the last materials were furnished and the last labor was performed more than five months before the lien was filed.
I am of the opinion that the testimony of the defendants is entirely unsatisfactory, since the record is barren of any credible proof that the claim was filed within four months *Page 328 
as required by the statute; and accordingly I must find that the lien of the defendants is invalid.
In view of the conclusion hereinabove expressed it does not appear necessary to further discuss any other points raised by the opposing briefs.
I will advise a decree directing that the money deposited in court be paid to the complainant.